Charles M. **PARKHURST** et al.

v.

Anna M. **AUTIERI** et al.

No. 2001–618–Appeal.

Supreme Court of Rhode Island.

May 7, 2003.

Carol Zangari, Providence.

Paul Gallogly, Providence.

**ORDER**

This case came before the Court for oral argument on April 7, 2003, pursuant to an order that had directed all parties to appear in order to show cause why the issues raised on this appeal should not be summarily decided. After considering the arguments of counsel and the memoranda filed by the parties, the following order will enter:

The appeal is denied and dismissed.

The defendants appeal the trial judge's order granting plaintiffs' motion for a new trial following a jury verdict in favor of defendants.[1] This matter arose out of an automobile collision in which defendants admitted liability for negligence and the matter proceeded for a trial before a jury on the issue of damages. The jury found that none of the plaintiffs had sustained injuries as a proximate result of the accident, and found for defendants.

It is well settled that in considering a motion for a new trial, "the trial justice acts as a 'superjuror.'" *Saber v. Dan*

---

1. It should be noted that a final judgment on the motion for new trial was not entered, and defendants appeal the order entered July 26, 2001. However, pursuant to Rule 4 of the Supreme Court Rules of Appellate Procedure, "[a]n appeal from * * * an order shall be treated as an appeal from the judgment" if the motion for new trial in Superior Court was filed within ten days after entry of civil judgment on the verdict. Here, the motion for a new trial was timely filed, and defendant timely appeals the order on that motion entered July 26, 2001.

*Angelone Chevrolet, Inc.,* 811 A.2d 644, 652 (R.I.2002) (quoting *English v. Green,* 787 A.2d 1146, 1149 (R.I.2001)). The Rhode Island Supreme Court has held:

> "The trial judge should set out in some reasonable manner the material factual evidence or the absence thereof, direct or circumstantial, upon which his or her ruling is based. As noted * * * 'the trial justice need not analyze all the evidence presented, but should [however] state the motivation for his or her ruling.'" *State v. Vorgvongsa,* 670 A.2d 1250, 1252 (R.I.1996) (citations omitted).

The trial justice here has properly performed her duties, referring with specificity to enough facts on which her decision was based for this Court to determine whether an error was made. *See Reccko v. Criss Cadillac Co., Inc.,* 610 A.2d 542, 545 (R.I.1992). She found that the testimony of all witnesses was credible. She believed that one plaintiff was prejudiced because she had preexisting injuries from two prior incidents for which she obtained legal counsel. Therefore, the jury may have "acted to collectively punish the plaintiffs * * * and may indeed have been unable to see through evidence that * * * [gave] this case a color that was probably unintended and certainly unwarranted." The trial justice did not overlook or misconceive material evidence nor was she otherwise clearly wrong.

For these reasons the appeal is denied and dismissed, the order appealed from is affirmed, and the papers of this case are remanded to the Superior Court for further proceedings.